OPINION
Plaintiff-appellant Deanna Riley appeals the October 8, 1999 Judgment Entry of the Perry County Court of Common Pleas which granted defendant-appellant Frank Fondale, Jr.'s Motion to Dismiss.
 STATEMENT OF THE CASE AND FACTS
On July 20, 1998, appellant filed a complaint alleging fraud, constructive trust, breach of contract, unjust enrichment, oral contract and part performance, promissory estoppel, recission, and declaratory judgment. Each of these allegations arose from the sale of real property. In April, 1996, appellant agreed to purchase a parcel of real property from defendant Carl Jason Price, a minor. Appellant entered into this agreement with Carl Price's father, defendant Clarence Price. These defendants failed to provide a deed for the property. On May 8, 1996, Carl Price, then an adult, sold the same parcel of real property to appellee. On August 20, 1998, appellee filed his Motion to Dismiss. This motion was denied in a September 23, 1998 Judgment Entry. On June 7, 1999, appellee filed a Motion for Partial Summary Judgment on the issues of fraud, breach of contract, oral contract and part performance, and promissory estoppel. On July 7, 1999, appellant filed her Memorandum in Response to appellee's motion for summary judgment and her Motion to Leave to File an Amended Complaint. On July 15, 1999, the trial court granted appellee's partial motion for summary judgment. On July 19, 1999, the trial court filed notice of its non-oral hearing on appellant's motion for leave to file the amended complaint. In an August 4, 1999 Judgment Entry, the trial court granted appellant leave to file an amended complaint. On August 4, 1999, appellant filed her amended complaint. Appellant stated causes of action against appellee for fraud, breach of contract, and declaratory judgment. On October 8, 1999, the trial court filed its Entry granting appellee's motion to dismiss. The trial court's entry, in pertinent part, stated: Despite the fact that the defendant previously prevailed on a motion for summary judgment on a number of issues, the plaintiff has filed an amended complaint with this court again making a claim on those issues.
This court is not of the belief that defendant Fondale needed to filed a motion to dismiss with this court. In fact, should this court allow the plaintiff to proceed to trial on the same claims, defendant Fondale could possibly have a judgment in his favor on a summary judgment ruling and a judgment in the plaintiff's favor at trial. Summary judgments are deemed proper where"there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). As to the issues of fraud, breach of contract, oral contract, part performance, and promissory estoppel, this court has previously found for defendant Fondale by means of this court's entry of July 15, 1999. Wherefore, this court having previously entered judgment for defendant Fondale as to the above stated issues, defendant's motion to dismiss is hereby granted.
Judgment Entry at pgs. 102.
It is from this judgment entry appellant prosecutes this appeal, assigning the following as error:
 I. THE TRIAL COURT ERRED IN GRANTING THE MOTION TO DISMISS AS ANY AFFIRMATIVE DEFENSE OF RES JUDICATA WAS WAIVED.
 II. THE TRIAL COURT ERRED IN GRANTING THE MOTION TO DISMISS BECAUSE THE JULY 1, 1999 ORDER WAS NOT A FINAL APPEALABLE ORDER TO WHICH RES JUDICATA ATTACHED.
 I, II
In each assignment of error, appellant attacks the trial court's October 8, 1999 Judgment Entry granting appellee's motion to dismiss. Appellant maintains this motion was improvidently granted because appellee could not raise the affirmative defense of res judicata in a motion to dismiss. Further, appellant argues res judicata could not apply because the July 15, 1999 Judgment Entry was not a final appealable order. For the following reasons, we disagree. Appellant directs this Court's attention to Mercer v. Uniroyal (1976), 49 Ohio App.2d 279. Appellant cites this case for the proposition a ruling on summary judgment is interlocutory when it is superceded by a subsequent first amended complaint filed with leave of court. We disagree with the Mercer Court. Furthermore, unlike Mercer, the July 15, 1999 Judgment Entry granting partial summary judgment in the matter sub judice, contained 54(B) language. We find the July 15, 1999 Judgment Entry was a final appealable order. The subsequent amended complaint, filed with leave, did not transform it into an interlocutory order. Appellant did not timely appeal the July 15, 1999 Judgment Entry. Instead, appellant filed an amended complaint, with leave of court. As set forth in the Statement of the Case and Facts, supra, it seems clear the trial court did not intend its grant of leave to file the amended complaint would revive those causes of action previously determined in its July 15, 1999 Judgment Entry. Appellant may not now collaterally attack this July 15, 1999 Judgment Entry by appealing the trial court's ruling on the motion to dismiss. Appellant's first and second assignments of error are overruled.
The October 8, 1999 Judgment Entry of the Perry County Court of Common Pleas is affirmed.
 ____________________ Hoffman, P.J.
Farmer, J. and Milligan, V.J. concur